IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LYNETTE S. BARTON                                                      PLAINTIFF

v.                          CIVIL NO. 10-2084

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                         DEFENDANT

## ORDER

On June 10, 2010, Plaintiff submitted a complaint for filing in this district, together with a request for leave to proceed *in forma pauperis* ("IFP"). Plaintiff's IFP application reveals that she is married and has one minor child. Plaintiff and her husband own a home worth $240,500, on which they owe $161,000, and four (4) motor vehicles. Plaintiff has a total of $725.00 in her checking and savings accounts. She has no employment or income of her own, but relies solely on her husband's $60,000 salary for support. For reasons stated below, Plaintiff's motion to proceed IFP is denied.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. *Williamson*, 786 F.2d at 1338.

Plaintiff has not provided sufficient evidence to justify a waiver of the filing fee. A number of courts have recognized that, in making an IFP determination, it is proper to consider whether the party claiming indigent status receives financial support from his or her family. *See Pifer v. Astrue*, 2009 WL 3379021 at 3 (N.D. W. Va. October 16, 2009); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205,

AO72A
(Rev. 8/82)

208-09 (D. Md. 1978)); *Assaad-Faltas v. University of South Carolina*, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997); *Lee v. Wal-Mart Stores, Inc.*, 1993 WL 316756 at 3 (N.D. Ind. August 18, 1993). Here, Plaintiff is by no means destitute. She owns real estate, four vehicles, and receives support from her husband's $60,000 salary. Furthermore, Plaintiff has offered no reasons why her husband would be unwilling or unable to provide the funds necessary to file her complaint. For these reasons, we find that a waiver of the filing fee in this case would be inappropriate.

Accordingly, Plaintiff's motion for leave to proceed IFP is DENIED. The clerk is directed to provisionally file the complaint *nunc pro tunc* as of June 10, 2010. Plaintiff is directed to tender the filing fee of $350 on or before June 30, 2010. Should Plaintiff fail to comply within the required period of time, her complaint will become subject to summary dismissal for failure to obey a court order.

IT IS SO ORDERED this 16th day of June 2010.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUN 1 6 2010
CHRIS R. JOHNSON, CLERK
BY
       DEPUTY CLERK

AO72A
(Rev. 8/82)