IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LYNETTE S. BARTON                                           PLAINTIFF

v.                     Civil No. 10-2084

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Lynette Barton, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for a period of disability and disability income benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**      **Procedural Background:**

The plaintiff filed her application for DIB on March 15, 2005, alleging an onset date of June 1, 2003, due to fibromyalgia, degenerative disk disease, cardiac dysrhythmia, shortness of breath, narcolepsy, and depression. Tr. 75-76, 100-101, 110-111, 124-130, 133. Her applications were initially denied and that denial was upheld upon reconsideration. Plaintiff then made a request for a hearing by an Administrative Law Judge ("ALJ"). An administrative hearing was held on January 11, 2007. Tr. 442-494. Plaintiff was present and represented by counsel.

At this time, plaintiff was 42 years of age and possessed a high school education with one semester of college credit. Tr. 130, 403. She had past relevant work ("PRW") experience as a waitress, receptionist, automation clerk, and data entry clerk. Tr. 67-74, 119-123, 451-452.

On January 8, 2008, the ALJ found that plaintiff's narcolepsy, cardiac dysrhythmia, fibromyalgia, degenerative disk disease of the lumbar and cervical spine, and major depression were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 63-64. After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, involving occasional climbing, balancing, crawling, kneeling, crouching, ans stooping. Tr. 33-35. Mentally, he found Plaintiff moderately limited with regard to his ability to understand remember, and carry out complex instruction; make judgment on complex work-related decisions; and, interact appropriately with the public, co-workers, and supervisors and mildly limited in his ability to make judgments on simple work-related decisions and respond appropriately to usual work situations. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a small production machine operator, small product assembler, and food order clerk. Tr. 36-37.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on April 19, 2010. Tr. 4-8. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision.

II.  **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the

3

final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

We note that Plaintiff submitted additional medical records to the Appeals Council consisting of an RFC assessment from treating physician, Dr. Kelli Rippy, and several treatment records documenting her treatment of Plaintiff. Tr. 9-13. The Appeals Council must consider additional evidence if it is new and material and relates to the time period before ALJ's decision. *See* 20 C.F.R. § 404.970(b); *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). However, the timing of the evidence is not dispositive of whether the evidence is material. *Id.* To be material, evidence obtained after an ALJ decision need only relate to the claimant's condition on or before the date of the ALJ's decision. *See Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984). Therefore, medical evidence dated after the ALJ's decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision. *See Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 1990).

In the present case, Plaintiff presented medical records dated between April and May 2008, as well as an RFC assessment dated May 23, 2008. We find that this evidence is close enough in proximity to the ALJ's decision to be relevant and material to this case. Dr. Rippy also completed an RFC assessment indicating that plaintiff must periodically alternate between sitting and standing; is limited in the use of her upper and lower extremities due to fibromyalgia; could never climb, balance, crouch, or crawl and rarely kneel due to narcolepsy; is limited in her ability to reach in all directions, finger, and feel due to pain, weakness, and decreased sensation;

4

and, requires limited exposure to vibrations, hazards, fumes, odors, chemicals, and gases due to narcolepsy and pain. Tr. 9-11. Evidence dated prior to the ALJ's decision does document Plaintiff's diagnosis and treatment for narcolepsy. It also reveals her inability to take her narcolepsy medication, due to her cardiac impairment. Although found to be severe, the ALJ's opinion does not appear to take Plaintiff's neck and shoulder pain or narcolepsy into consideration. As such, we believe remand is necessary to allow the ALJ to consider Dr. Rippy's RFC assessment and to reevaluate the evidence documenting Plaintiff's narcolepsy and fibromyalgia (including shoulder and neck pain).

We also note that the ALJ criticizes Plaintiff for obtaining only conservative treatment for her condition; however, she was diagnosed with fibromyalgia and prescribed both Cymbalta and Hydrocodone. No medical report suggests that Plaintiff was not pursuing a valid course of treatment. *Tate v. Apfel*, 167 F.3d 1191, 1197 (8th Cir. 1999).

Fibromyalgia is a condition that causes pain in fibrous tissues, muscles, tendons, ligaments and other "white" connective tissues. Its cause or causes are unknown, there is no cure, and, perhaps of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The disease is chronic, and "[d]iagnosis is usually made [only] after eliminating other conditions." *Brosnahan v. Barnhart*, 336 F.3d 671, 672 n.1 (8th Cir. 2003). The principal symptoms are "pain all over," trauma, anxiety fatigue, disturbed sleep, stiffness, irritable bowel symptoms, and—the only symptom that discriminates between it and other diseases of a rheumatic character— multiple tender spots, more precisely eighteen fixed locations on the body that when pressed firmly cause the patient who really has fibromyalgia to flinch. *See* THE MERCK MANUAL 1369-1371 (16th

5

ed. 1992). As the evidence does document the elimination of other possible diagnoses and notes tender points, we believe remand is necessary to allow the ALJ to reconsider the evidence documenting Plaintiff's fibromyalgia treatment.

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 15th day of August 2011.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)